# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2689 | **DATE** | 8/14/2002 |
| **CASE TITLE** | NANCY J. ROQUET vs. ARTHUR ANDERSON LLP | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 9/24/02 at 9:00 a.m. Plaintiff's motion for class certification is dismissed as moot [11-1]. Enter Memorandum Opinion And Order. Defendant's motion to dismiss is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 1 ? 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 23 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | LG courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| NANCY J. ROQUET and CORETTA ROBINSON, ) | |
| ) | |
| Plaintiffs, ) | No. 02 C 2689 |
| ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| ARTHUR ANDERSON LLP, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Nancy J. Roquet ("Roquet") and Coretta Robinson ("Robinson"), brought a class action suit against Defendant, Arthur Anderson LLP ("Arthur Anderson"), alleging Defendant violated the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101-2109. Presently before the Court is Defendant's Motion to Dismiss.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal is only warranted if the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

A reading of the Complaint supports the following summary of the alleged conduct of the parties.

Roquet was employed by Arthur Anderson as an Executive Assistant. On April 8, 2002, Roquet's employment was terminated as part of a mass layoff by Arthur Anderson. At the time of the mass layoff, Roquet had been employed at Arthur Anderson for approximately three months. Roquet received two weeks' severance pay, which was termed "job search" in the notice she received concerning the mass layoff.

23

Robinson was also an employee of Arthur Anderson who was terminated as part of the mass layoff. Robinson received five weeks' severance pay. Plaintiffs allege that Defendant violated the WARN Act by failing to provide sixty days' warning of its mass layoff.

Defendant seeks to dismiss the Amended Complaint as to Roquet and all other part-time employees, arguing that part-time employees are excluded from coverage under the WARN Act.

Under the WARN Act, an employer who orders a mass layoff or plant closing in violation of Section 2102 of the Act is "liable to each aggrieved employee who suffers an employment loss as a result of such closing or layoff...." 29 U.S.C. § 2104(1). Section 2102 requires that an employer not order a closing or mass layoff until the end of a sixty-day period after the employer serves written notice of such closing or layoff. 29 U.S.C. § 2102(a).

An "employer" is defined as a business enterprise that employs either 100 or more employees, excluding part-time employees; or 100 or more employees who, in the aggregate work, at least 4,000 hours per week, exclusive of overtime. 29 U.S.C. § 2101(a)(1). A plant closing occurs if a single site of employment is permanently or temporarily shutdown or if one or more facilities or operating units within a single employment site is shutdown, if the shutdown results in an employment loss at a single employment site "during any 30-day period for 50 or more employees excluding any part-time employees...." 29 U.S.C. § 2101(a)(2). A mass layoff occurs where a reduction in work force results in an employment loss at a single site of employment during any 30-day period for at least 33 percent of the employees (excluding any part-time employees; and at least 50 employees (excluding any part-time employees; or at least 500 employees (excluding any part-time employees). 29 U.S.C. § 2101(a)(3)(B).

An "employment loss" is "(A) an employment termination, other than discharge for cause, voluntary departure, or retirement, (B) a layoff exceeding 6 months, or (C) a reduction in hours of work

of more than 50 percent during each month of any 6-month period." 29 U.S.C. § 2101 (a)(6). Excluded from the definition of an "employment loss" is the

> case of a sale of part or all of an employer's business, the seller shall be responsible for providing notice for any plant closing or mass layoff in accordance with section 2102 of this title, up to and including the effective date of the sale. After the effective date of the sale of part or all of an employer's business, the purchaser shall be responsible for providing notice for any plant closing or mass layoff.... Notwithstanding any other provision... any person who is an employee of the seller (other than a part-time employee) as of the effective date of the sale shall be considered an employee of the purchaser immediately after the effective date of the sale.

An "affected employee" is "employees who may reasonably be expected to experience an employment loss as a consequence of a proposed plant closing or mass layoff by their employer." 29 U.S.C. § 2101(a)(5). A "part-time employee" is "an employee who is employed for an average of fewer than 20 hours per week or who has been employed for fewer than 6 of the 12 months preceding the date on which notice is required." 29 U.S.C. § 2101(a)(8).

Defendant argues that based on the above statutory language, Roquet, as a part-time employee, is excluded from experiencing an employment loss under the WARN Act; therefore, she is not a proper party under the WARN Act.

In determining whether Roquet is included in the class of individuals that may experience an employment loss and are allowed to bring suit, the Court begins within the language of the statute. *See Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, ___ (2002) (*Barnhart*). The first step "is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Barnhart*, 534 U.S. at ___. The inquiry ceases "if the scheme is coherent and consistent." *Barnhart*, 534 U.S. at ___. A general principle of statutory construction provides that when Congress has included particular language in one section of a statute but omits such language in another section

3

of the same statute, it is presumed that "Congress acts intentionally and purposefully in the disparate inclusion or exclusion". *Barnhart*, 534 U.S. at ___ (internal quotations omitted).

The parties do not dispute that Roquet is a part-time employee pursuant to the WARN Act. *See* 29 U.S.C. § 2101(a)(8). As stated above, Congress defined an "employment loss" and a "part-time employee". The definition of an "employment loss" does not specifically exclude part-time employees in any of the categories that are considered an employment loss. Nor does the definition of an "affected employee" exclude part-time employees.

Several other definitions in the statute specifically state that part-time employees are excluded. For example, part-time employees are excluded when determining if a plant closing or mass layoff has occurred. *See* 29 U.S.C. § 2101(a)(2), (3). In both of these provisions, part-time employees are specifically excluded when determining if the minimum number of employees have lost their employment to constitute a plant closing or mass layoff. Defendant argues the exclusion of part-time employees in these calculations as requiring exclusion of part-time employees from being subject to an employment loss. However, such an interpretation ignores that Congress, in specifically defining employment loss, did not exclude part-time employees from such definition.

The language of the statute clearly demonstrates that in those sections of the statute where Congress intended to exclude part-time employees, Congress specifically stated such exclusion. For example, Congress's definition of an "employer" includes a business enterprise that employs "100 or more employees, excluding part-time employees; or 100 employees who in the aggregate work at least 4,000 hours per week..." 29 U.S.C. § 2101(a)(1). Accordingly, part-time employees may be included in the calculation made in determining if a business entity is an employer under one definition but may not be included under the alternate definition. Pursuant to the definitions of a plant closing and mass layoff, part-time employees are not included in calculating if a closing or mass layoff has occurred.

4

Accordingly, part-time employees are never included in determining whether a plant closing or mass layoff has occurred. These examples demonstrate that Congress specifically stated when part-time employees were not to be included in certain provisions under the Act. Therefore, the exclusion of part-time employees in some of the criteria under that WARN Act cannot be interpreted as excluding part-time employees as experiencing an employment loss when employment loss is specifically defined and such definition does not exclude part-time employees. *See Barnhart*, 534 U.S. at ___. Based on the plain and unambiguous statutory language, part-time employees can experience an employment loss and are proper parties in a WARN Act suit.

This interpretation is further supported by the United States Department of Labor's ("DOL") interpretation of the statute. The DOL is authorized by 29 U.S.C. § 2017 to "prescribe such regulations as may be necessary to carry out this chapter". The DOL has found that "[W]hile part-time employees are not counted in determining whether a plant closing or mass layoff thresholds are reached, such workers are due notice." 20 C.F.R. § 639.6. *See also, Carpenters Dist. v. Dillard Dept. Stores*, 778 F. Supp. 297, 313-14 (E.D. La. 1991), *rev'd on other grounds*, 15 F.3d 1275 (5th Cir. 1994), *cert. denied*, 513 U.S. 1126 (1995) (finding that part-time employees are covered under the WARN Act because Congress did not specifically exclude part-time employees under the definition of an "affected employee"); *Solberg v. Inline Corp.*, 740 F. Supp. 680, 685 (D. Minn. 1990)( stating, "Congress' intent was to exclude 'part-time employees' from the calculation of a mass layoff, not to exclude them from protection once a mass layoff occurs"); *Local 1239, Int'l Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers, & Helpers v. Allsteel*. 9 F. Supp. 2d 901, 905 (N.D. Ill. 1998) (finding part-time employees would not receive a windfall if "calendar approach" was used to calculate damages).

For the reasons stated above, part-time employees are included in those employees that may experience an employment loss, and Defendant's Motion to Dismiss is denied.

Dated: August 14, 2002

JOHN W. DARRAH
United States District Judge