# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2689 | **DATE** | 8/12/2003 |
| **CASE TITLE** | NANCY J. ROQUET vs. ARTHUR ANDERSON LLP | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] Enter Memorandum Opinion And Order. Plaintiffs' renewed motion for class certification is granted. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NANCY J. ROQUET and CORETTA ROBINSON, )
)
Plaintiffs, ) No. 02 C 2689
)
v. ) Judge John W. Darrah
)
ARTHUR ANDERSON LLP, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Nancy J. Roquet ("Roquet") and Coretta Robinson ("Robinson"), brought a class action suit against Defendant, Arthur Anderson LLP ("Anderson"), alleging Defendant violated the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101-2109. Presently before the Court is Plaintiffs' Renewed Motion for Class Certification.

The underlying facts are fully set forth in this Court's previous dispositions addressing the Defendant's Motion to Dismiss, Defendant's Motion for Summary Judgment, and Plaintiffs' Cross-Motion for Partial Summary Judgment on the Issue of Existence of Mass Layoff. Accordingly, they need not be repeated here.

Plaintiffs' proposed class is "all persons who (i) were employees of Arthur Anderson LLP on or about Apppril 22, 2002, and before December 22, 2002; (ii) were at job sites at 33 West Monroe Street in Chicago, 225 North Michigan Avenue in Chicago, and St. Charles, Illinois; (iii) were terminated without at least 60 days' advance notice from their positions; and (iv) received less than 60 days' 'job search'".

DOCKETED
AUG 1 8 2003

To receive class certification, Plaintiffs must satisfy all four elements of Rule 23(a), which include: numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a). Plaintiffs must also satisfy at least one of the three provisions under Rule 23(b).

The propriety of class certification is a separate issue than whether the plaintiff will ultimately prevail on the merits of its claims. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). However, "[t]he proposition that a district judge must accept all of the complaint's allegations when deciding whether to certify a class cannot be found in Rule 23 and has nothing to recommend it." *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir. 2001) (*Szabo*). Before certifying a class " a judge should make whatever factual and legal inquiries are necessary under Rule 23." *Szabo*, 249 F.3d at 676. For example, a district court would not be free to accept an allegation of 10,000 class members for purposes of numerosity in the face of a dispute on that point. *See Szabo*, 249 F.3d at 676. Accordingly, the Court does not determine the substantive strength or weakness of the allegations in the complaint but rather the merits of the allegations only as they bear on the suitability of a class action suit under Rule 23(a) and (b). *See Rahim v. Sheahan*, 2001 WL 1263493 at * 10 (N.D. Ill. Oct. 19, 2001).

*Numerosity*

Rule 23(a)(1) requires that the class be so numerous that joinder of all the members is impracticable. Fed. R. Civ. P. 23(a)(1). Plaintiff need not demonstrate the exact number of class members so long as a conclusion is apparent from good-faith estimates ( *Peterson v. H & R Block Tax Servs.*, 174 F.R.D. 78, 81 (N.D. Ill. 1997)); and the court is entitled to make "common sense assumptions" in order to support a finding of numerosity (*Grossman v. Waste Management, Inc.*, 100 F.R.D. 781, 785 (N.D. Ill. 1984)).

2

Plaintiffs allege that, without receiving proper notice, 635 employees were terminated at the 33 West Monroe site; 146 employees were terminated at the 225 North Michigan Avenue site; and 369 employees were terminated from the St. Charles site. Defendant does not dispute the number of employees. The numerosity requirement is satisfied.

*Commonality and Typicality*

Commonality exists if the class members share common questions of law or fact. The requirement is usually satisfied when a common nucleus of operative facts unites a class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). The presence of some factual variations among the class members does not defeat commonality so long as there is at least one question of law or fact common to the class. *Rosario*, F.2d at 1017.

The typicality requirement of Rule 23(a)(3) is closely related to the commonality requirement of Rule 23(a)(2). *Ruiz v. Stewart Associates, Inc.*, 171 F.R.D. 238, 242 (N.D. Ill. 1997). A plaintiff's claim is typical if it arises from the same event or practice or course of action that gives rise to the claims of other class members and if his or her claims are based on the same legal theory. *Rosario*, 963 F.2d at 1018.

Here, Plaintiffs allege that Defendant violated the WARN Act by failing to pay employees 60 days' pay after the reduction in force. The alleged failure to pay certain wages arises from the same events and courses of action, and the claims are based on the same legal theory. Accordingly, commonality and typicality exist in the instant case. *See Rosario*, 963 F.2d at 1017-18; *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, 2000 WL 1774091 at * 4-5 (N.D. Ill. Dec. 1, 2000) (certifying class action for alleged unlawful failure to pay employees for certain categories of work performed during a particular period of time).

3

*Adequacy of Representation*

The class representatives must "fairly and adequately protect the interests of the class". Fed. R. Civ. P. 23(a). In determining adequacy of class representation, the court considers whether (1) any conflicts of interest exist between the named plaintiffs and the class members and (2) whether the named plaintiffs' counsel will adequately protect the interests of the class. *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 58 (N.D. Ill. 1996).

Defendant does not argue that Plaintiffs' counsel would not provide adequate class representation. Plaintiffs' counsel is experienced in multi-plaintiff litigation, and the Court cannot identify any conflicts between Plaintiffs and the class members or an inadequacy in Plaintiffs' counsel's ability to protect the interests of the class.

*Rule 23(b)(3)*

Plaintiff seeks class certification under Rule 23(b)(3). Rule 23(b)(3) provides that a class action may be maintained if "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to the available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

As discussed above, the questions of law and fact to the members of the class are similar to the proposed class members and would predominate over questions affecting individual class members. Furthermore, a class action is superior to the available methods for the fair and efficient adjudication of this controversy. Accordingly, the Court finds that the requirements of Rule 23(b)(3) are met.

While the Defendant did not dispute class certification as a general matter, Defendant does

4

dispute the scope of the proposed class. Defendant argues that the scope of the proposed class must be limited to the employment site of the representative Plaintiffs – 33 West Monroe.

The WARN Act requires employers of 100 or more full-time employees to give at least sixty days' advance notice of plant closings and mass layoffs to affected employees. *See* 29 U.S.C. § 2102(a). A "mass layoff" is defined as "a reduction in force which – (A) is not the result of a plant closing; and (B) results in an employment loss *at a single site of employment* during any 30-day period...." 29 U.S.C. § 2101(a)(B)(3). (Emphasis added). Furthermore, the WARN Act provides for aggregating the number of laid-off employees. Section 2102(d) states: "For purposes of this section, in determining whether a plant closing or mass layoff has occurred or will occur, employment losses for 2 or more groups *at a single site of employment*, each of which is less than the minimum number of employees specified in section 2101(a)(2) or (3) of this title...." 29 U.S.C. § 2102(d). (Emphasis added).

In order for there to be a violation of the Act, a mass layoff or plant closing must have occurred at an individual employment site. However, while the WARN Act limits mass layoffs and plant closings to individual sites, the WARN Act does not require that a person seeking to enforce the WARN Act be employed at the site of the mass layoff or plant closing. The Act provides that:

> A person seeking to enforce such liability, including a representative of employees or a unit of local government aggrieved under paragraph (1) or (3), may sue either for such person or for other persons similarly situated, or both, in any district court of the United States....

29 U.S.C. § 2104(a)(5). The WARN Act, by giving a representative of employees or a unit of local government the right to file suit under the Act, makes clear that employment at the site of the mass layoff or plant closing is not a prerequisite for enforcing the Act on behalf of "other persons similarly situated". In the instant case, "other person similarly situated" includes those employees at the other Illinois employment sites.

5

Furthermore, contrary to Defendant's contention, the *Bledsoe v. Emery Worldwide Airlines*, 258 F. Supp. 2d 780 (S.D. Ohio) (*Bledsoe*) court did not find that class certification under the WARN Act was restricted to individual employment sites. Instead, the court provisionally denied certifying the class to include individuals from other employment sites because "no such individuals are contemplated by the Second Amended Complaint, and the Plaintiffs make no attempt to qualify the parameters of their proposed broadened definition." 258 F. Supp. 2d at 800. Accordingly, *Bledsoe* is inapposite of the instant case.

Lastly, there is no issue in the instant case that requires the participation of a previous employee of the other two employment sites. The application of the WARN Act to each of those sites is solely a matter of numbers - - specifically, whether Defendant terminated within a 90-day period either 1/3 of its workforce (with a minimum of 50 employees) or 500 employees at each of those additional sites. *See* 29 U.S.C. § 2101(3); 29 U.S.C. § 2102(d). These numbers are undisputed. The only remaining issue is whether it was reasonably foreseeable by February 22, 2002, that Defendant would be required to initiate a mass lay-off. This issue applies to all three employment sites.

For the foregoing reasons, Plaintiffs' Renewed Motion for Class Certification is granted. The certified class shall be defined as:

> All persons who (i) were employees of Arthur Anderson LLP on or about Appril 22, 2002, and before December 22, 2002; (ii) were at job sites at 33 West Monroe Street in Chicago, 225 North Michigan Avenue in Chicago, and St. Charles, Illinois; (iii) were terminated without at least 60 days' advance notice from their positions; and (iv) received less than 60 days' "job search".

Dated: August 12, 2003

JOHN W. DARRAH
United States District Judge